CHURCH OF UNITED BRETHREN IN CHRIST, Appellant, v. ALFRED GARDNER et al., Appellees.

RELIGIOUS SOCIETIES:  Property—Right of Possession.  A religious
1  organization is not entitled to the unconditional possession of real property of which it is the equitable owner, but the legal title to which is vested in trustees, when the property and the income therefrom are being used and employed, and the property improved, by a duly organized federation of different churches, all with the knowledge, approval, and express authorization of the said equitable owner.

RELIGIOUS SOCIETIES:   Property—Abandoned Property Right of
2  Mother Church.  The statutory authorization to a mother church organization to take over the abandoned property of a local church organization of the same denomination has no application to cases in which property rights in the property have been acquired prior to the passage of the statute.

Headnote 1:  34 Cyc. p. 1156.  Headnote 2:  34 Cyc. p. 1156.

Headnote 2:  23 R. C. L. 428.

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

NOVEMBER 22, 1927.

Action to recover possession of certain real estate.  The trial court dismissed the plaintiff's petition, and it appeals.— *Affirmed.*

*E. A. Anderson* and *Harold Clements,* for appellant.

*Johnson & Teter,* for appellees.

FAVILLE, J.—Newbern is a small town in Marion County, Iowa.  This action is brought by the appellant, to recover possession of two lots in said town which are used as a parsonage
1. RELIGIOUS So-   property.  The appellee Gardner is in possession
CIETIES: proper-  of said property as a tenant.  The other ap-
ty: right of
possession.       pellees claim to hold the title to said premises as
trustees.  On or about May 29, 1908, the owners of said described real estate, by deed, conveyed said property to five trustees, who are described in said deed as "trustees of the parson-

age of the U. B. Church of the Chariton Circuit, Marion
County." The conveyance was made to said parties as "trustees
of the U. B. Church, and their successors as trustees." It ap-
pears that, at the time said deed was made, there were three
churches or classes of the United Brethren Church faith located
in the Chariton district, and that each of said classes contributed
a proportionate share to the purchase of said property and the
building of the parsonage house located thereon. Subsequently,
the two outlying churches or classes abandoned their interest in
said property, and quitclaim deeds were obtained in May, 1915,
from the outlying classes or churches, conveying their interest
to the trustees of the Newbern church. The appellees herein,
outside of Gardner, are the original trustees to whom said prop-
erty was conveyed, or their successors. The appellant claims to
be the owner of said premises and entitled to immediate pos-
session thereof.

The Church of the United Brethren in Christ is a duly
established and recognized denomination, and the laws govern-
ing said denomination appear in a book known as the Book of
Discipline of said church. In said Book of Discipline it is pro-
vided:

"The right, title, interest and claim of all property, both
real and personal, of whatever name or description, obtained by
purchase or otherwise, by any person or persons, for the use,
benefit and behoof of the Church of the United Brethren in
Christ, are hereby fully recognized, and held to vest in the
church aforesaid."

The appellee-trustees do not deny the authority of said pro-
vision of the Book of Discipline of the church, and concede that
they took the title to said premises as trustees under the pro-
visions of said Book of Discipline.

It appears that, in the year 1919, there were three church
organizations in the town of Newbern: the appellant, the Pres-
byterian church, and the Methodist church. It was contem-
plated to form a federated church, by a union of these three
churches. It appears that there is a state meeting or conference
of the appellant church within the state of Iowa, which has the
general supervision of churches of that faith located within the
state. In the year 1919, the following resolution was adopted
at said conference:

"Whereas there is an agreement looking toward the federation of the M. E. Church, the United Brethren Church and the Presbyterian Church, located in the town of Newbern, Iowa, therefore, be it resolved that consent and authority is hereby given by the annual conference of the United Brethren Church, now in session, so that the trustees may permit the M. E. church building in Newbern, to be moved on the ground now owned by the United Brethren Church, attaching the same to the present United Brethren Church to be used by the aforesaid churches in the federated movement. And we further agree that they shall be protected in their property rights in proportion to valuation and vice versa if the order is reversed. This consent is given with the definite understanding that church memberships, support of benevolences, and the patronage of church periodicals is not affected."

It appears that the federated church was duly organized, and that proper consent was obtained for the use of the property of the Methodist church and the Presbyterian church, that were associated in the new federated church. Since said time, the new organization has continued to function. On the 1st day of October, 1920, the Board of Church Erection of the appellant church adopted the following resolution:

"We the state Board of Church Erection of the Church of the United Brethren in Christ do hereby authorize the trustees of the parsonage of said church now located at Newbern, Iowa, to sell and convey said parsonage property and appurtenances thereto belonging, to the federated church now under process of corporation, to be held and used by said federated church for the use of pastor's residence, and to be so used for this purpose throughout the tenure of said corporation, with the provision that, in case of the dissolution of said federation or their inactivity as such federation by ceasing to hold regular religious services, it shall revert in title to the Church of the United Brethren in Christ of Iowa Conference.

"Dated at Des Moines, Iowa, this 1st day of October, A. D. 1920."

No question is raised with regard to the authority of this board to adopt said resolution and to bind the appellant thereby. The Book of Discipline of the appellant church contained the following provision:

"Section 15 of Chapter XII also provides as follows: Should any parsonage be permanently abandoned as such, the superintendent of the district in which such parsonage is located shall report the same to the annual conference, which body shall authorize the board of conference trustees to rent, lease or sell such parsonage and report the proceeds to the next annual conference, which body shall have power to use the money to pay debts on other parsonages or in building new ones within its borders, or turn the money into the conference church extension society, or conference church erection society."

It is the main contention of the appellant that the parsonage has been permanently abandoned as such, and that the local trustees have no further power over it, and that, therefore, appellant is entitled to the immediate possession. It appears that, since the organization of the federated church, part of the time it was served by a pastor who was unmarried, and hence did not have use for the parsonage, and that, at the time this action was brought, the federated church was being served by a pastor who lived in another town where there was a church, and who served both churches. The trustees of the parsonage have rented the same, and applied the rents wholly in connection with said property, and have not diverted the same to any outside purpose. It is true that they have not sold and disposed of the property, as authorized by the resolution of October 1, 1920; but the record shows that the financial condition in that locality has been such that an advantageous sale could not be had. The appellant herein has suffered no loss by reason of the manner in which the property has been handled by the trustees. It is contended by the appellant that the former members of the local church have failed to contribute to the church and to support the benevolences and to patronize the church periodicals, as provided in the resolution of the Conference of 1919. There is nothing, however, in the record to show that the federated church or the trustees are in any way whatever responsible for any delinquencies there may have been on the part of the individual members of the former United Brethren church. The legal title to the premises still stands in the appellees. The title has not been transferred to the federated church, and the appellant is in no position to complain of the failure to act in this regard.

Appellant contends that it is entitled to maintain this ac-

tion for. possession of the property because of the provisions of Section 8587, Code of 1924, which is as follows:

"When a local religious society shall have ceased to support a minister or leader or regular services and work for two years or more, or as defined by the rules of any incorporated state, diocesan or district society with which it has been connected, it shall be deemed extinct, and its property may be taken charge of and controlled by such state or similar society of that denomination with which it had been connected."

2. RELIGIOUS SOCIETIES: property: abandoned property right of mother church.

This statute was enacted by the thirty-fourth general assembly, Chapter 77, and went into effect on July 4, 1911. The same chapter contains the following provision, which is now Section 8599, Code of 1924:

"Existing contract and property rights arising under the organization, rules, laws or canons heretofore adopted by any corporation or organization of a religious character, shall not be affected by the provisions of Sections 8584, 8587, and 8595 to 8598, inclusive, except by consent of the interested parties."

The property rights involved in this action arose prior to the adoption of said statutes. If it be true that Section 8587 has any application to such a situation as is presented in this case, it could not affect the prior existing property rights under Section 8599.

Upon the entire record, we are convinced that the appellant is not entitled to the immediate possession of the real estate in question, and the decree of the trial court dismissing appellant's petition is—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.